(164 App. Div. 385)

### SCHMIDT v. LEONHARDT MICHEL BREWING CO.

(Supreme Court, Appellate Division, Second Department.  November 13, 1914.)

DAMAGES (§ 130*)—PERSONAL INJURIES—EXCESSIVE RECOVERY.

 A verdict for $2,000 for personal injuries should not be disturbed, where it appears that plaintiff not only lost $26 a week for 25 weeks, and paid $150 for medical services, but endured considerable pain and suffering during such time, and was in an impaired physical condition at the time of the trial.

 [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. § 130.*]

 Burr and Thomas, JJ., dissenting.

· Appeal from Trial Term, Kings County.

Action by John Schmidt against the Leonhardt Michel Brewing Company.  From an order vacating verdict for plaintiff, and granting a new trial unless he stipulate to reduce the verdict, he appeals.  Reversed, and verdict reinstated.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Wilson E. Tipple, of New York City, for appellant.
James B. Henney, of New York City, for respondent.

RICH, J.  The plaintiff appeals from an order vacating and setting aside a verdict of $2,000, rendered in his favor, and granting the defendant a new trial, unless he stipulated to reduce such verdict to $1,-150, in which event defendant's motion was denied.

The action is brought under the provisions of the Labor Law to recover for personal injuries alleged to have been sustained through the negligence of the defendant.  It seems that the learned trial court directed the verdict upon the assumption that the plaintiff had truly expended $150 for medical services, that he had been paid during his disability the same compensation that had been theretofore paid him for his services, and that under such circumstances $1,000, in addition

---

 For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the amount of the disbursement for medical attendance, was an adequate and fair compensation for the injury he had sustained. I think that this view entirely ignores the uncontradicted testimony that plaintiff was incapacitated for 25 weeks, and that, although he was paid during that time his regular weekly compensation of $26, he was compelled during all of that time to hire help to keep up his route, and paid such help more for their services than he received from the defendant, and that since he returned to work his physical condition, caused by his injury, has necessitated his employing an assistant at a weekly conpensation of $8 to do the same work that he had done alone before the accident. The evidence establishes, without contradiction, a loss to the plaintiff resulting from his injury of at least $26 a week for 25 weeks—a total of $650, which, added to the $150 paid for medical services, leaves only $250 as compensation for the pain and suffering he has concededly endured, and for his present defective and impaired physical condition, which is inadequate for the injury he sustained. Although the trial court seems to have had some doubt as to whether the verdict was not against the weight of the evidence, it permitted it to stand if reduced to $1,150. A careful consideration of the evidence satisfies me that it sustains the conclusion reached by the jury.

The order appealed from must be reversed, and the verdict of the jury in favor of the plaintiff for $2,000 reinstated, with costs.

JENKS, P. J., and STAPLETON, J., concur. BURR and THOMAS, JJ., vote to affirm.